| | |
|---|---|
| MILDRED PAYNE, | ) |
| | ) |
|    *Plaintiff*, | ) |
| | ) |
| v. | )   Case No. 1:04-cv-57 |
| | ) |
| LONG JOHN SILVER'S, INC., *et al.*, | )   Judge Mattice |
| | ) |
|    *Defendants*. | ) |

## **MEMORANDUM**

Plaintiff originally filed this action in the Circuit Court of Rhea County, Tennessee, against Long John Silver's, Inc. ("LJS") and other defendants that have now been dismissed from the case, alleging several acts of negligence that were the proximate cause of injuries to Plaintiff. Before the Court is Defendant Duc Tien Nguyen's motion to remand this case to state court. For the reasons stated below, Defendant's motion to remand will be **GRANTED**.

### I.    FACTS AND PROCEDURAL HISTORY

Plaintiff originally filed her complaint in state court on January 28, 2004, naming the following defendants: LJS; JAK Foods, Inc.; Franchise Services Co., LLC; Long John Silver's Restaurants, Inc.; Robert W. Varnell, Jr.; and Long John Silver's Seafood Shoppes. On February 25, 2004, LJS removed the case to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Thereafter, Plaintiff sought, and was granted, permission to amend her complaint to join several additional defendants. After the amendment, Plaintiff's complaint named the following defendants: LJS; Nguyen; Gary Voytik; Tristate Orthopedics, Rehabilitation and Pain Management Center, P.C. ("Tristate");

Adam Fall; Kamran Farrukh; National Healthcare of Cleveland, Inc.; and Cleveland Community Hospital.

Nguyen argues that this Court's diversity jurisdiction was destroyed by the joinder of these additional defendants because Nguyen is a citizen of Georgia, the other additional defendants are citizens of Tennessee, and Plaintiff is a citizen of either Georgia or Tennessee. Defendant LJS and Plaintiff oppose Nguyen's motion to remand. LJS contends that Plaintiff was at the commencement of this lawsuit a citizen of Tennessee and that Nguyen was a citizen of Tennessee when he was joined as a defendant.[1] Plaintiff contends that she was at the commencement of this lawsuit, and continues to be, a citizen of Georgia and that Nguyen was a citizen of Tennessee when he was joined as a defendant.

## II. DISCUSSION

In a case premised upon this Court's diversity jurisdiction, the parties must be citizens of different states. 28 U.S.C. § 1332(a)(1). Defendants may remove an action originally filed in state court to federal court on the basis of diversity jurisdiction "if there is complete diversity between all named plaintiffs and all named defendants . . . ." *Lincoln Prop. Co. v. Roche*, 126 S. Ct. 606, 610 (2005). In this case, at the time of removal, LJS believed that Plaintiff was a citizen of Georgia,[2] and the various defendants were citizens of Kentucky, Delaware, and/or Kansas. (*See* Court Doc. No. 1, Notice of Removal ¶¶ 4-

---

[1] The Court is somewhat confused by LJS's argument. Although LJS is opposing the remand of this case to state court, its arguments regarding the citizenship of Plaintiff and Nguyen, if accepted by the Court, would result in remand.

[2] The Court notes that this is contrary to LJS's assertion in its memorandum in opposition to Nguyen's motion to remand.

-2-

10.) Plaintiff did not dispute LJS's assertion that she was a citizen of Georgia. Thus, there was complete diversity at the time of removal, and removal was proper.

Even if removal was proper, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Further, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In this case, joinder of several defendants was permitted. Nguyen argues that such joinder destroyed diversity jurisdiction, requiring remand of the case to state court.

As noted above, by way of the Second Amended Complaint, the following entities and persons were named as additional defendants in this case: Nguyen, Voytik, Tristate, Fall, Farrukh, National Healthcare of Cleveland, and Cleveland Community Hospital. (Court Doc. No. 11, Second Am. Compl.) Payne remained the sole plaintiff. (*Id.*) In the Second Amended Complaint, Plaintiff stated that she was a citizen of Georgia. (*Id.* at 1-2.) The complaint evinces Plaintiff's belief that Nguyen, Voytik, Tristate, Fall, Farrukh, National Healthcare of Cleveland, and Cleveland Community Hospital were citizens of Tennessee. (*Id.*)

Nguyen now asserts that he was a citizen of Georgia when he was named as a defendant in this case and that Plaintiff's concurrent Georgia citizenship destroyed diversity jurisdiction.[3] Plaintiff disputes this assertion, pointing to Nguyen's Answer to Plaintiff's

---

[3] Alternatively, Nguyen argues that Plaintiff was a citizen of Tennessee, and the joinder of the above-named Tennessee citizens as defendants destroyed diversity jurisdiction. As support for this position, Nguyen asserts that earlier versions of Plaintiff's complaint stated that she was a Tennessee resident, while the Fourth Amended Complaint asserted that she was a Georgia

-3-

Second Amended Complaint, in which he stated, "It is denied that jurisdiction is proper in this Court on diversity of citizenship grounds until and unless, and subject to, any finding that Plaintiff is a resident of Georgia . . . ." (Court Doc. No. 12, Ans. 1-2.) Nguyen's answer suggests that, if it were proven that Plaintiff was a citizen of Georgia, he would not contest the validity of the Court's diversity jurisdiction. Plaintiff argues that Nguyen's statement necessarily implies his acknowledgment that, at that time, he was not a citizen of Georgia, for his Georgia citizenship would have destroyed diversity jurisdiction. Although the Court agrees with Plaintiff that this statement in Nguyen's Answer could lead to an inference that Nguyen was not a Georgia citizen at that time, Nguyen has now submitted an affidavit stating that he was a Georgia citizen at the time the Second Amended Complaint was filed.

A person's citizenship for purposes of diversity jurisdiction is equated with domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). "A person's previous domicile is not lost until a new one is acquired. Establishment of a new domicile is determined by two factors: residence in the new domicile, and the intention to remain there." *Id.* (citations omitted). Nguyen's affidavit states that he began residing in Georgia in April 2004 and that, when he moved to Georgia, he intended to reside there permanently. (Court Doc. No. 82,

---

resident. Nguyen is incorrect. The relevant documents in the record demonstrate that Plaintiff was a Georgia resident at the time of the filing of this lawsuit. Although Plaintiff did not state her citizenship in her original state court complaint, LJS's notice of removal stated its belief that Plaintiff was a Georgia citizen (Notice of Removal ¶ 4), and Plaintiff has not contested this. Further, Plaintiff's Second Amended Complaint stated that she was a Georgia resident at the time of the filing of the complaint (Second Am. Compl. 1-2), and Plaintiff maintained this allegation of her residence in her Third Amended Complaint (Court Doc. No. 45) and Fourth Amended Complaint (Court Doc. No. 54). Thus, there is nothing in the record to support Nguyen's assertion that Plaintiff was a Tennessee citizen at the commencement of this lawsuit or at the time of the joinder of the additional defendants. As a result, the joinder of additional defendants who were Tennessee citizens did not destroy diversity jurisdiction in this case.

Nguyen Aff. ¶¶ 5-6, 9.)  Thus, the Court concludes that Nguyen established a new domicile in Georgia in April of 2004.

Plaintiff filed her Second Amended Complaint, which named Nguyen for the first time, on May 14, 2004.  Thus, when the complaint was filed against Nguyen, Nguyen was a citizen of Georgia and, as explained above, Plaintiff was a citizen of Georgia.  As a result, the joinder of Nguyen as a defendant destroyed the Court's diversity jurisdiction.  Section 1447(e) provides specific rules relative to the Court's removal jurisdiction, and it directs the Court to remand a case to state court when the post-removal joinder of a defendant destroys diversity jurisdiction.  *See, e.g.*, *Shephard v. Allstate Ins. Co.*, No. C2-04-936, 2006 WL 745588, at *1 n.1 (S.D. Ohio Mar. 17, 2006); *New Cannon Clocks v. U.S. Fid. & Guar.*, 904 F. Supp. 621, 622 (E.D. Mich. 1995).

Accordingly, because the post-removal joinder of Nguyen destroyed diversity jurisdiction in this matter, this case must be remanded to the state court.

Having resolved the matter at issue, the Court is compelled to make one final point. Nguyen filed his Answer to Plaintiff's Second Amended Complaint on May 18, 2004. According to Nguyen's affidavit, he had already moved to Georgia at that time, and intended to remain there permanently.  Thus, Nguyen ostensibly knew when he filed his Answer that his joinder as a defendant in the lawsuit destroyed diversity jurisdiction.  Rather than promptly bringing this issue to the Court's attention, Defendant Nguyen waited until March 8, 2006 – ***nearly two years later*** – to request remand of this case to the state court. Although Nguyen's delay in filing his motion does not affect the Court's resolution of this issue, the Court nevertheless expresses its great frustration with Defendant Nguyen's inexplicably long delay in filing his motion to remand.

Were there an exception to the Court's subject matter jurisdiction for manifest injustice, the Court would exercise such exception in this case. The law, however, compels the Court to remand this case to the state court without regard to the injustice created by Defendant Nguyen's delay in requesting remand.

This case was to be tried in this Court on September 11, 2006. It is this Court's hope that the Circuit Court of Rhea County will be able to expedite the trial of this matter and will permit the parties to use in its court the discovery that has been taken here in federal court.

### III. CONCLUSION

Defendant Nguyen's Motion for Remand will be **GRANTED**, and this case will be remanded to the Circuit Court of Rhea County, Tennessee.

A separate order will enter.

                                    *s/ Harry S. Mattice, Jr.*
                                  HARRY S. MATTICE, JR.
                               UNITED STATES DISTRICT JUDGE